ROBERT E. OPERA -- State Bar No. 101182
ropera@winthropcouchot.com
PETER W. LIANIDES -- State Bar No. 160517
pliandies@winthropcouchot.com
PAYAM KHODADADI – State Bar No. 239906
pkhodadadi@winthropcouchot.com
**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste 400
Newport Beach, CA 92660

Telephone: (949) 720-4100
Facsimile:  (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PERSIK PRODUCTIONS, INC.,<br>fka BOB YARI PRODUCTIONS,<br><br><br>Debtor and<br>Debtor-in-Possession. | Case No.: 2:10-bk-12122 BR<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES REGARDING PLAN COMPLIANCE WITH SECTIONS 1129(a)(8) AND 1129(a)(10) OF THE BANKRUPTCY CODE**<br><br>DATE:  April 20, 2011<br>TIME:  2:00 p.m.<br>PLACE: Courtroom 1668<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

1    Persik Productions, Inc., the debtor and debtor-in-possession in this Chapter 11 case ("Debtor"), hereby submits the following Supplemental Memorandum of Points and Authorities Regarding Plan Compliance with Sections 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code ("Supplemental Plan Voting Memorandum") in support of the confirmation of the Debtor's Second Amended Chapter 11 Plan of Reorganization ("Plan").[1]

    By this Supplemental Plan Voting Memorandum, the Debtor **establishes that all impaired Classes established by the Plan have voted to accept the Plan**, and, accordingly, that the Plan satisfies the requirements of Sections 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code[2]. Support for this Supplemental Plan Voting Memorandum is provided by that Declaration of P.J. Marksbury Re Tally of Ballots Cast Regarding Debtor's Second Amended Chapter 11 Plan of Reorganization ("Marksbury Declaration"), by which the Debtor provides a tally of the ballots cast with respect to the confirmation of the Plan.

Dated: April 13, 2011

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: _____
Robert E. Opera
Peter Lianides
General Insolvency Counsel for Persik Productions, Inc., Debtor and Debtor-in-Possession

---

[1] Except as otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Plan.

[2] As set forth hereinbelow, there are <u>no</u> Class 6 Claims in this case (Allowed Subordinated Claims) and, therefore, Class 6 should be disregarded for voting purposes under the Plan.

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

In accordance with an order of this Court, on March 11, 2011, the Debtor filed and served the Plan and the Debtor's Disclosure Statement accompanying the Plan. On March 11, 2011, the Debtor also filed its Motion for Confirmation of Second Amended Chapter 11 Plan of Reorganization ("Plan Confirmation Motion"), requesting, in part, that the Court enter an order confirming the Plan.

Pursuant to the Plan Confirmation Motion, the Debtor demonstrates that the Plan satisfies the applicable requirements for confirmation of the Plan set forth in Section 1129(a) of the Bankruptcy Code. By the Plan Confirmation Motion, however, the Debtor could not demonstrate compliance with the requirements of Sections 1129(a)(8) or 1129(a)(10) of the Bankruptcy Code because, at the time of the filing of the Plan Confirmation Motion, no votes had been cast with respect to the confirmation of the Plan. Votes now have been cast with respect to the confirmation of the Plan, and, as demonstrated hereinbelow, the Plan satisfies the requirements of Sections 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code.

### II.

### THE PLAN SATISFIES THE REQUIREMENTS OF
### SECTION 1129(a)(8) OF THE BANKRUPTCY CODE

Section 1129(a)(8) requires that, with respect to each class of claims or interests established by a plan, such class of claims or interests has accepted the plan, or such class is not impaired under the plan. The following Classes established by the Plan are impaired under the Plan: Class 1 (Allowed Secured Claim of Bank Leumi); Class 2 (Allowed Secured Claims of the Guilds); Class 5 (Allowed General Unsecured Claims); and Class 6 (Allowed Subordinated Claims). As set forth in the Marksbury Declaration, the votes cast with respect to these impaired Classes were as follows:

### A. Class 1 -- The Allowed Secured Claim of Bank Leumi.

Bank Leumi has cast a ballot **accepting** the Plan. Bank Leumi's ballot was cast late. The Debtor has filed concurrently herewith the Debtor's Motion for Authority to Count Late-Filed Ballots ("Late-Filed Ballot Motion") requesting that this Court allow Bank Leumi's late-filed ballot.

### B. Class 2 -- The Allowed Secured Claims of the Guilds.

As stated in the Marksbury Declaration, the Guilds have cast ballots, with respect to their Allowed Secured Claims, **accepting** the Plan.

### C. Class 5 -- Allowed General Unsecured Claims.

As stated in the Marksbury Declaration, all Class 5 ballots cast with respect to the Plan **accepted** the Plan, except only for the ballot cast by R. Alexander Pilmer, Chapter 7 Trustee ("YFGR Trustee") in the case of Yari Film Group Releasing, LLC (Case No. 2:08-bk-32208 BR) ("YFGR").

The YFGR Trustee has filed in the Debtor's case a proof of claim in the amount of $20,068,000 (Claim No. 31) ("YFGR Claim"). The Debtor believes that YFGR has no Allowed Claim against the Debtor and has filed concurrently herewith an objection to the YFGR Claim ("YFGR Claim Objection"). By the YFGR Claim Objection, the Debtor demonstrates, in part, that (i) the YFGR Trustee provides absolutely no support for the YFGR Claim; (ii) the Debtor holds claims against YFGR in an amount substantially in excess of any claims that YFGR may assert against the Debtor; and (iii) the Debtor holds substantial damage claims against YFGR. By reason of the filing of the YFGR Claim Objection, the YFGR Claim is **not** an Allowed Claim, and, accordingly, the YFGR vote is **not** counted toward the tally of ballots cast with respect to Class 5. See, 11 U.S.C. §§ 1126(c); 502(a).

Pursuant to the Late-Filed Ballot Motion, the Debtor requests that the Court count toward the tally of Class 5 votes the late-filed claim of James Robb. As set forth in the Marksbury Declaration, if the Court grants the Late-Filed Ballot Motion, the following Class 5 ballots will be counted as acceptances of the Plan:

### CLASS 5 ACCEPTANCES

| Number of Ballots | Dollar Amount of Ballots |
|---|---|
| 18 | $42,804,107.96 |

### CLASS 5 REJECTIONS

| Number of Ballots | Dollar Amount of Ballots |
|---|---|
| 0 | $0.00 |

As set forth hereinabove, in light of the YFGR Claim Objection, **no** Class 5 ballot will be counted as a rejection of the Plan. However, even if the Court were to include toward the ballot tally the YFGR Trustee's ballot for the full amount of the YFGR Claim -- a Claim that the Debtor demonstrates by the YFGR Claim Objection is a wholly groundless claim -- the Debtor still would have acceptances with respect to approximately 95% of the number of Class 5 votes cast with respect to the Plan and acceptances with respect to approximately 68.09% of the dollar amount of the Class 5 votes cast with respect to the Plan. **Accordingly, even if the YFGR Trustee's ballot were counted in the full amount of the YFGR Claim, the Debtor still would have the requisite acceptances with respect to Class 5 under Section 1126(c).**[3]

**Accordingly, the Debtor has received Class 5 ballots accepting the Plan sufficient to meet the requirements of Section 1126(c).**

D.   <u>Class 6 -- Any Allowed Subordinated Claims.</u>

The Debtor has disclosed in the Disclosure Statement that: no Claims have been subordinated by order of this Court, and, accordingly, that there are **no** Class 6 Claims at

---

[3] Section 1126(c) provides, in pertinent part, as follows:
   (c) A class of claims has accepted a plan if such plan has been accepted by creditors... that hold at least two-thirds in dollar amount and more than one-half in number of the allowed claims of such class held by creditors... that have accepted or rejected such plan.

this time; Class 6 was established only in an abundance of caution; and the Debtor would seek confirmation of the Plan under Section 1129(a) if, as expected, no votes were cast by Class 6. Disclosure Statement, ¶¶ VII(F), XII(E). By reason thereof, this Court effectively should disregard Class 6 for voting purposes with respect to the Plan.

Since all impaired Classes (having any members) established by the Plan have voted to accept the Plan, the Debtor has satisfied the requirements of Section 1129(a)(8) of the Bankruptcy Code in this case.

## III.

## THE PLAN SATISFIES THE REQUIREMENTS OF

## SECTION 1129(a)(10) OF THE BANKRUPTCY CODE

Section 1129(a)(10) requires that, if a class of claims is impaired by a plan, at least one class of claims that is impaired by the plan be determined to have accepted the plan without including any acceptances of the plan by any insider. In this case, the following impaired Classes of non-insider Claims have accepted the Plan: Class 1 (Bank Leumi); Class 2 (the Allowed Secured Claims of the Guilds); and Class 5 (Allowed General Unsecured Claims. Accordingly, the Plan satisfies the requirements of Section 1129(a)(10) in this case.

## IV.

## CONCLUSION

Based upon the foregoing, the Debtor respectfully submits that this Court should find that the Plan satisfies the requirements of Section 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code.

Respectfully submitted,

Dated: April 13, 2011

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: _____
Robert E. Opera
Peter Lianides
General Insolvency Counsel for Persik Productions, Inc. the Debtor and Debtor-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **DEBTOR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES REGARDING PLAN COMPLIANCE WITH SECTIONS 1129(a)(8) AND 1129(a)(10) OF THE BANKRUPTCY CODE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 13, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 13, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Debtor: Dennis Brown: dbrown@trivar.com

Honorable Barry Russell
Roybal Federal Building
255 E. Temple St., Suite 1660
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 13, 2011 | Susan Connor | _/s/ (signature)_ |
|---|---|---|
| Date | Type Name | Signature |

MAINDOCS-#160376-v2-PersikSuppPs&AsReCompliance.DOC

**NEF SERVICE**

- David E Ahdoot    dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com
- Michael F Chekian    mike@cheklaw.com, msalanick@cheklaw.com
- Russell Clementson    russell.clementson@usdoj.gov
- Alicia Clough    alicia.clough@kayescholer.com
- Marc S Cohen    mcohen@kayescholer.com – **COUNSEL TO YARI FILM GROUP RELEASING CHAPTER 7 TRUSTEE, OBJECTING PARTY**
- Jeremy Faith    jfaith@goodmanfaith.com
- David Guess    dguess@ktbslaw.com
- Alan S Gutman    alangutman@gutmanlaw.com
- Garrick A Hollander    ghollander@winthropcouchot.com, sconnor@winthropcouchot.com;pj@winthropcouchot.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Joseph A Kohanski    jkohanski@bushquinonez.com, tjimines@bushgottlieb.com
- Robert E Opera    ropera@winthropcouchot.com, sconnor@winthropcouchot.com;pj@winthropcouchot.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com – **COUNSEL TO CREDITORS' COMMITTEE, LIMITED OBJECTING PARTY**
- Yonaton M Rosenzweig    yoni.rosenzweig@kattenlaw.com
- James R Selth    jim@wsrlaw.net, charles@wsrlaw.net
- Jonathon Shenson    jshenson@ktbslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Pamela Kohlman Webster    pwebster@buchalter.com
- Eric D Winston    ericwinston@quinnemanuel.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- Melvin Yee    myee@bushgottlieb.com, tjimines@bushgottlieb.com

MAINDOCS-#160376-v2-PersikSuppPs&AsReCompliance.DOC