1   ROBERT E. OPERA – State Bar No. 101182
    ropera@winthropcouchot.com
2   PAYAM KHODADADI – State Bar No. 239906
    pkhodadadi@winthropcouchot.com
3   **WINTHROP COUCHOT**
    **PROFESSIONAL CORPORATION**
4   660 Newport Center Drive, Suite 400
    Newport Beach, CA 92660
5   Telephone: (949) 720-4100
    Facsimile: (949) 720-4111
6
7   General Insolvency Counsel
    for Debtor and Debtor-in-Possession
8

**FILED & ENTERED**

MAY 26 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mendoza DEPUTY CLERK

9           **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11          **LOS ANGELES DIVISION**

12

13  In re:                          Case No.:  2:10-bk-12122 BR

14  PERSIK PRODUCTIONS, INC.,       Chapter 11 Proceeding
    fka BOB YARI PRODUCTIONS,
15                                  **ORDER CONFIRMING DEBTOR'S SECOND**
16                                  **AMENDED CHAPTER 11 PLAN OF**
                                    **REORGANIZATION**
17          Debtor and
            Debtor-in-Possession
18                                  DATE:      April 25, 2011
                                    TIME:      2:00 p.m.
19                                  PLACE:     Courtroom 1668
                                               255 East Temple Street
20                                             Los Angeles, CA 90012
21

22

23

24

25

26

27

28

1    The matter of the confirmation of the Second Amended Chapter 11 Plan of

2    Reorganization ("Plan"), filed by Debtor and Debtor-in-Possession Persik Productions, Inc.

3    ("Debtor"), came on for hearing on April 25, 2011, at 2:00 p.m., before the Honorable Barry

4    Russell, United States Bankruptcy Judge, in the above-entitled Court.  The Debtor was

5    represented by Robert E. Opera of Winthrop Couchot Professional Corporation.  The Committee

6    was represented by Malhar S. Pagay of the law firm of Pachulski Stang Ziehl & Jones LLP.[1]  The

7    Guilds were represented by Joseph A. Kohanski of the law firm of Bush, Gottlieb, Singer, López,

8    Kohanski, Adelstein & Dickinson, a Law Corporation.  Davand Holdings, LLC was represented

9    by Penelope Parmes of the law firm of Rutan & Tucker, LLP.  MHF Zweite Academy Film

10    GmbH & Co. KG was represented by Jonathan Shenson of the law firm of Klee, Tuchin,

11    Bogdanoff & Stern, LLP.  R. Alexander Pilmer, the duly-appointed and acting Chapter 7 trustee

12    in the case of Yari Film Group Releasing, LLC (Case No. 2:08-bk-32208 BR), was represented

13    by Ashleigh Danker of the law firm of Kaye Scholer, LLP.  Other appearances, if any, were as

14    reflected in the Court record of the proceedings.

15    This Order is based, in part, upon the following pleadings before this Court:

16        a.    Plan [Docket No. 221];

17        b.    Second Amended Disclosure Statement Accompanying Debtor's Second

18    Amended Chapter 11 Plan of Reorganization[Docket No. 222] ("Disclosure Statement");

19        c.    Debtor's Motion for Confirmation of Second Amended Chapter 11 Plan of

20    Reorganization [Docket No. 224];

21        d.    Declaration of Bob Yari in Support of Motion for Confirmation of Second

22    Amended Chapter 11 Plan of Reorganization [Docket No. 225];

23        e.    Declaration of Dennis Brown in Support of Motion for Confirmation of

24    Second Amended Chapter 11 Plan of Reorganization [Docket No. 226];

25        f.    Notice of Hearing on Motion for Confirmation of Debtor's Second Amended

26    Chapter 11 Plan of Reorganization [Docket No. 227];

27

28

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Plan.

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

g.       Notice of Filing Certain Exhibits to Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 228];

h.       Declaration of Doug Gromley Re Service of "Plan Packages" [Docket No. 230];

i.       Order Approving Debtor's Second Amended Disclosure Statement Accompanying Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 231];

j.       Official Committee of Unsecured Creditors' Limited Opposition to and Reservation of Rights Re:  Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 233] ("Committee Limited Opposition");

k.       Yari Film Group Releasing Chapter 7 Trustee's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 237] ("YFGR Trustee's Opposition");

l.       Debtor's Supplemental Memorandum of Points and Authorities in Support of Compromise of Reimbursement/Contribution Claims Pursuant to Second Amended Chapter 11 Plan of Reorganization [Docket No. 242] ("Reimbursement/Contribution Claims Settlement Memorandum");

m.       Qualified Joinder of the Union Entities to Debtor's Motion to Confirm Second Amended Chapter 11 Plan [Docket No. 246] ("Guilds Joinder");

n.       Stipulation Amending Stipulation for:  (1) Further Extension of Time to File Plan of Reorganization and Disclosure Statement; (2) Further Extension of Debtor's Exclusive Periods to File Plan of Reorganization and to Solicit Acceptances to Plan of Reorganization; and (3) Posting of Plan Deposit [Docket No. 248];

o.       Debtor's Reply to (1) Official Committee of Unsecured Creditors' Limited Opposition to and Reservation of Rights Re:  Debtor's Second Amended Chapter 11 Plan of Reorganization; and (2) Yari Film Group Releasing Chapter 7 Trustee's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 249] ("Reply");

1    p. Debtor's Supplemental Memorandum of Points and Authorities Regarding

2 Plan Compliance with Sections 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code

3 [Docket No. 250];

4    q. Supplemental Declaration of Bob Yari in Support of Debtor's Reply to

5 Objections to Confirmation of Debtor's Second Amended Chapter 11 Plan of

6 Reorganization [Docket No. 251];

7    r. Declaration of P.J. Marksbury Re Tally of Ballots Cast Regarding Debtor's

8 Second Amended Chapter 11 Plan of Reorganization [Docket No. 252];

9    s. Ballots Cast in Acceptance and Rejection of Debtor's Second Amended

10 Chapter 11 Plan of Reorganization [Docket No. 253];

11    t. Debtor's Emergency Motion for Authority to Count Late-Cast Ballots

12 [Docket No. 254] ("Late-Cast Ballots Motion");

13    u. Debtor's Notice of Motion and Motion Objecting to Claim No. 31 filed by

14 R. Alexander Pilmer, Chapter 7 Trustee for Yari Film Group Releasing, LLC [Docket

15 No. 255];

16    v. Debtor's Emergency Motion for Order Approving Settlement Agreement

17 [Docket No. 258] ("MHF Settlement Agreement Motion");

18    w. Order Granting Debtor's Emergency Motion for Order Approving

19 Settlement Agreement [Docket No. 262];

20    x. Order Granting Debtor's Emergency Motion for Authority to Count Late-

21 Cast Ballots [Docket No. 263]; and

22    y. Findings of Fact and Conclusions of Law in Support of Order Confirming

23 Second Amended Joint Chapter 11 Plan of Reorganization.

24 Based upon the foregoing pleadings, the other pleadings and documents on file in the

25 Case, the Court's findings of fact and conclusions of law entered in support hereof, this Court's

26 granting of the Late-Cast Ballots Motion and the MHF Settlement Agreement Motion, the Guilds

27 Joinder, the withdrawal by the Committee of the Committee Limited Opposition, and the Court's

28

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

overruling of the YFGR Trustee's Opposition, and the arguments presented at the Confirmation

Hearing, and for other good and sufficient cause,

**IT IS HEREBY ORDERED** that:

1.      The Plan, a true and complete copy of which is filed as Docket No. 221 in the

Court, is hereby confirmed, and all of the provisions of the Plan are hereby

approved.

2.      Each of the Debtor, the Reorganized Debtor and the Yari Parties is hereby

authorized and directed to execute and to deliver as soon as practicable after the

Confirmation Date, but in no event later than the fourteenth (14th) day after the

Confirmation Date, any Plan Documents to which it is a party.  The parties to the

Plan Documents may make any non-material amendments or modifications to the

Plan Documents upon which they mutually agree.

3.      The settlement of the amount of the Guilds' Allowed Secured Claims and Allowed

General Unsecured Claims, as described, respectively, in Sections 5.2 and 5.2.13 of

the Plan, and the settlement of the Reimbursement/Contribution Claims, as described

in Section 6.31 of the Plan and the support for which settlement is provided, in part,

by the Reimbursement/ Contribution Claims Settlement Memorandum, are hereby

approved as fair and reasonable settlements and settlements negotiated in good faith

pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and all parties

to such settlements and compromises are authorized to take any act and to execute

any document appropriate to effectuate such settlements and compromises.

4.      In accordance with the provisions of Section 2.1.55 of the Plan, on or as soon as

practicable after the Confirmation Date, but in no event later than the Effective

Date, Davand shall provide to the Reorganized Debtor the Davand Effective Date

Contribution.

5.      In accordance with the provisions of Section 2.1.73 of the Plan, the Effective Date

of the Plan shall be the fourteenth (14th) day following the waiver or satisfaction

of the conditions set forth in Section 6.3 of the Plan.  In accordance with the

provisions of Section 6.3 of the Plan, the occurrence of the Effective Date is conditioned upon the filing of the Plan Documents (with all schedules and exhibits appended thereto) in form and content satisfactory to the Guilds, the Committee and to the other parties to the Plan Documents and the execution of the Plan Documents by, and delivery of the Plan Documents among, the parties to the Plan Documents.  The Debtor, the Committee, the Guilds, Davand, all Yari Parties, and all other Creditors and parties-in-interest shall use their respective reasonable best efforts to satisfy as expeditiously as possible the conditions set forth in Section 6.3 of the Plan.

6.     In accordance with the provisions of Section 2.1.75 of the Plan, the Debtor shall cause each Subsidiary to make, on or before the Effective Date, any Effective Date Subsidiary Distribution.

7.     In accordance with the provisions of Section 2.1.114 of the Plan, on the Effective Date, all Plan Fund Assets shall be transferred or granted to, and administered by, the Plan Agent pursuant to the Plan and/or the Plan Documents.

8.     In accordance with the provisions of Section 2.1.139 of the Plan, all Retained Assets shall revest in the Reorganized Debtor on the Effective Date of the Plan.

9.     Except as set forth expressly to the contrary in Section 3.1.2 of the Plan, all requests for payment of Administrative Claims must be filed and served no later than the Administrative Claims Bar Date.  Any holder of an Administrative Claim that is required to file a request for payment of its Administrative Claim by the Administrative Claims Bar Date and that does not file by the Administrative Claims Bar Date such request for payment of its Administrative Claim shall be forever barred from asserting such Administrative Claim in accordance with the provisions of Section 3.1.2 of the Plan.

10.    In accordance with the provisions of Section 5.2.2 of the Plan, the Guilds Forbearance Agreement (Exhibit "B" to the Plan) shall become effective and enforceable on the Effective Date.

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

11.    In accordance with the provisions of Section 5.2.3 of the Plan, each Guild's

Allowed Secured Claim shall be in the following amount:

      a.    DGA -- $456,370

      b.    WGA -- $535,095

      c.    SAG -- $1,358,535

      d.    MPIPHP -- $0

Interest shall accrue on the Guilds' Allowed Secured Claims in accordance with

the provisions of Section 5.2.4 of the Plan.  Distributions shall be made on account

of the Guilds' Allowed Secured Claims in accordance with the provisions of

Section 5.2 of the Plan, including, without limitation, pursuant to the provisions of

Sections 5.2.5 and 5.2.6 of the Plan.

12.    The Plan Agent shall make Distributions to the holders of Allowed Class 5 Claims,

from Plan Fund Proceeds, in accordance with the provisions of Section 5.5 of the

Plan.

13.    Subject to Davand's compliance with its obligations under Section 5.7.2 of the

Plan, Davand, as the Interest Holder under the Plan, shall retain, without

modification or alteration, all of its rights, remedies and interests pursuant to the

Interest, except that such Interest shall be subject to the Davand Pledge

Agreement, in accordance with the provisions of Section 5.7 of the Plan.

14.    In accordance with the provisions of Section 6.6 of the Plan, on the Effective Date,

John Hyde shall be appointed Plan Agent under the Plan.

15.    In accordance with the provisions of Section 6.6, et seq., of the Plan, the Plan

Agent shall have all rights, powers, remedies and duties described in the Plan, in

additional to any and all rights, powers, remedies and duties reasonably necessary

and appropriate to carry out the purpose and intent of the Plan which are not

inconsistent with the provisions of the Plan, including, without limitation, the right

to enforce, on behalf of the holders of Allowed Class 5 Claims, any and all

remedies that the holders of Allowed Class 5 Claims may have under the Plan, the

Plan Documents, the Bankruptcy Code, or under other applicable law in the event of a default by the Reorganized Debtor, a Subsidiary, or by a Yari Party in the performance of its obligations to holders of Allowed Class 5 Claims under the Plan and/or the Plan Documents.

16.     The Plan Agent shall have the rights, powers and duties granted to the Plan Agent pursuant to the Plan, including, without limitation, pursuant to Sections 6.6.1 through 6.6.8 of the Plan.

17.     In accordance with the provisions of Section 6.7.1 of the Plan, the Reorganized Debtor shall cause the Subsidiaries to pay directly to the Plan Fund, within twenty (20) days after the end of each calendar quarter, the Creditors' Share of the Subsidiary Distributions.

18.     In accordance with the provisions of Section 6.7.2 of the Plan, on the Effective Date, the Debtor shall transfer to the Plan Fund any Effective Date Cash Balance.

19.     The exculpatory provisions contained in Sections 6.11, 7.2.5, 12.1, 12.2 and 12.3 of the Plan, are hereby approved as being appropriate and necessary to, inter alia, facilitate Confirmation.

20.     In accordance with the provisions of Section 6.13 of the Plan, as of the Effective Date, (a) all duties of the Committee in the Case shall be terminated, and the Committee shall have no further role or function in the Case; and (b) the Committee shall be replaced by the Post-Effective Date Committee, in accordance with the provisions of Section 6.13 of the Plan.

21.     Any Avoidance Action Payment Claim shall be forever barred, shall not be enforceable against the Debtor or the Reorganized Debtor or the Plan Fund, and shall not be entitled to any Distribution under the Plan, unless a Proof of Claim for such Avoidance Action Payment Claim is timely filed and served on the Plan Agent and the Reorganized Debtor in accordance with the provisions of Section 8.4 of the Plan.

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

22.    In accordance with the provisions of Section 11.1 of the Plan, Confirmation of the

Plan shall have all of the effects provided by section 1141 of the Bankruptcy Code

which are not inconsistent with the terms of the Plan.  Except as provided

expressly to the contrary in the Plan or the Plan Documents (including, without

limitation, the Guilds Forbearance Agreement), and with respect to the obligations

created pursuant to the Plan, pursuant to section 1141(d) of the Bankruptcy Code,

the Distributions and rights that are provided in the Plan shall be in complete

satisfaction, settlement, release and discharge, effective as of the time a Final

Decree in this Case becomes a Final Order, of all known or unknown Claims and

Administrative Claims against, rights against, liabilities of, obligations of, and any

Liens encumbering the Debtor's assets and properties, including but not limited to,

Claims of the kind specified in sections 502(g), 502(h) and 502(i) of the

Bankruptcy Code, in each case whether or not (a) a Proof of Claim based upon

such Claim is filed or deemed filed under section 501 of the Bankruptcy Code,

(b) such Claim is allowed under section 502 of the Bankruptcy Code, or (c) the

holder of such Claim accepted the Plan.  Subject to the occurrence of the Effective

Date and effective only at such time as the Final Decree in this Case becomes a

Final Order, this Order shall constitute a determination of the discharge of all

Claims and Administrative Claims against the Debtor, to the fullest extent

permitted by section 1141 of the Bankruptcy Code.  Any obligations of the Debtor

to Creditors imposed by the Plan shall be compensable only from Distributions

made pursuant to the Plan in accordance with the provisions of Section 11.1 of the

Plan.

23.    In accordance with the provisions of Section 11.2 of the Plan, except as provided

expressly to the contrary in the Plan or the Plan Documents (including, without

limitation, the Guilds Forbearance Agreement), on and after the Effective Date, all

Creditors who have held, hold, or who may hold a Claim (including, but not

limited to, states and other governmental units, and any state official, employee, or

other entity acting in an individual or official capacity on behalf of any state or other governmental unit) shall be permanently enjoined from the following: (a) taking any of the following actions on account of any such Claim: (i) commencing or continuing in any manner any action or other proceeding against the Debtor or the Reorganized Debtor, their respective Representatives, successors, or property; (ii) enforcing, attaching, executing, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or the Reorganized Debtor, their respective Representatives, successors, or property; (iii) creating, perfecting, or enforcing any Lien against the Debtor or the Reorganized Debtor, their respective Representatives, successors, or property; (iv) asserting any set off, right of subrogation, or recoupment of any kind against any obligation due to the Debtor or the Reorganized Debtor, their respective Representatives, successors, or property; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan; and (b) taking any acts on account of any Causes of Action that are vested in, or transferred to, the Reorganized Debtor or to the Plan Agent as of the Effective Date, including, without limitation, commencing or continuing in any manner any Avoidance Action (i.e., no party may pursue any Causes of Action except as provided by the Plan). Any person or entity injured by any willful violation of such injunction shall recover its actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from the willful violator of such injunction.

24.	In accordance with the provisions of Section 11.3 of the Plan, except as provided expressly to the contrary in the Plan or the Plan Documents (including, without limitation, the Guilds Forbearance Agreement), the rights afforded under the Plan and the treatment of all Claims under the Plan shall be in exchange for and in complete satisfaction, settlement, release and discharge of all Claims (including Administrative Claims and any interest accrued on any Claim from and after the

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

Petition Date) against the Debtor, the Reorganized Debtor, and any of their respective assets and property, except with respect to the obligations imposed thereon in connection with the Plan and any Plan Documents.  Except as otherwise provided in the Plan or the Plan Documents (including, without limitation, the Guilds Forbearance Agreement), upon the Effective Date, each Creditor shall be deemed to have irrevocably and unconditionally settled and released, fully and forever, any Claims against the Debtor and the Reorganized Debtor, and their respective assets and properties.  Except as otherwise provided in the Plan, all Creditors shall be precluded from asserting all Claims against the Debtor and the Reorganized Debtor, and their respective assets and properties.  Notwithstanding anything herein to the contrary, no Cause of Action that is the property of the Debtor and/or the Estate shall in any way be released, modified, altered or compromised by virtue of the confirmation of the Plan and all Causes of Action shall automatically be transferred, as of the Effective Date, to the Plan Fund or to the Reorganized Debtor in accordance with the provisions of Section 6.15 of the Plan.

25.    In accordance with the provisions of Section 11.5 of the Plan, upon the Effective Date, the provisions of the Plan shall be binding upon the Debtor, the Reorganized Debtor, the Plan Agent, each Creditor and the Interest Holder.

26.    Except only for the Retained Assets which shall be vested in the Reorganized Debtor, on the Effective Date, all assets, properties and interests of the Estate shall vest in, and shall be property of, the Plan Fund.

27.    As of the Effective Date, the Reorganized Debtor may operate its business and use, acquire, and dispose of property and settle and compromise Claims without the supervision of or any authorization from, this Court or the United States Trustee, and free of any restriction of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions specifically provided for in the Plan.

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

28.     Until the Case is closed, this Court shall retain jurisdiction over the Case in order to ensure that the purposes and intent of the Plan are carried out.  Without limiting the generality of the foregoing, this Court shall retain jurisdiction over the Case for the purposes set forth in Section 13.10 of the Plan.

29.     In accordance with the provisions of Section 13.17 of the Plan, pursuant to sections 105 and 1142 of the Bankruptcy Code, the Plan Agent and the Reorganized Debtor are authorized and empowered to execute any document and to take any act that may be appropriate to effectuate the terms and conditions of the Plan.

30.     This Order shall be deemed to constitute all the approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental unit with respect to the implementation or consummation of the Plan and any other documents, instruments or agreements and any other acts referred to in, or contemplated by, the Plan.

31.     The transactions contemplated by the Plan are in compliance with and satisfy all applicable provisions of the Bankruptcy Code, and the terms and conditions of the Plan are fair and reasonable.

32.     As of the Effective Date, the provisions of this Order, as well as all provisions of the Plan, shall be binding in all respects upon the Debtor and each Creditor and Interest Holder, whether or not such Creditor or Interest Holder has accepted the Plan.

33.     In accordance with the provisions of Section 12.1 of the Plan, as specified in Section 1125(e) of the Bankruptcy Code, neither the Debtor, the Reorganized Debtor, the Committee, the Guilds nor any of their respective members, officers, directors, employees, agents, representatives, advisors or professionals shall have or incur any liability to any Creditor or party-in-interest, on account of their solicitation of acceptances or rejections of the Plan for violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan.

34.     The disposition of the Interest pursuant to the Plan is in good faith and in compliance with the provisions of the Bankruptcy Code, and, accordingly, neither the Debtor,

the Reorganized Debtor, nor any other person or entity is liable, on account thereof, for violation of any applicable law, rule, or regulation governing the offer, issuance, sale or purchase of securities.

35.    In accordance with the provisions of Rule 3020-1(b) of the Local Bankruptcy Rules and Section 13.4 of the Plan, within 120 days after the entry of this Order, the Reorganized Debtor shall file a status report ("Status Report") explaining the progress that has been made toward consummation of the Plan.  The Status Report shall be served on the United States Trustee, the Plan Agent, and any other Post-Effective Date Notice Party.  Further Status Reports shall be filed and served every 120 days during the Case, unless otherwise ordered by this Court.  Each Status Report shall include the information required by Local Bankruptcy Rule 3020-1(b).

36.    As of the Effective Date, all of the provisions of Article XIV of the Plan shall be deemed to be void, no longer of any force or effect, and shall be deemed to have been severed from the Plan.

37.    The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

38.    The provisions of Rule 3020(e) and, to the extent otherwise applicable, Rules 6004(h), 6006(d) and 7062, of the Federal Rules of Bankruptcy Procedure shall not apply, and this Order shall take effect immediately and shall not be stayed.

39.    No further notice or hearing shall be necessary to effectuate the foregoing.

*[SIGNATURES ON NEXT PAGES]*

1

**PRESENTED BY:**

2

**WINTHROP COUCHOT**

3
**PROFESSIONAL CORPORATION**

4

5
By: */s/ Robert E. Opera*
     Robert E. Opera

6
     Payam Khodadadi
General Insolvency Counsel for

7
Debtor and Debtor-in-Possession
Persik Productions, Inc.

8

9
**NO OPPOSITION TO THE FOREGOING.**

10
**KLEE, TUCHIN, BOGDANOFF &**
**STERN, LLP.**

11

12

13
By: */s/ Jonathan S. Shenson*
     Jonathan S. Shenson

14
     Korin A. Elliott
Counsel for MHF Zweite Academy

15
Film GmbH & Co. KG

16
**BUSH, GOTTLIEB, SINGER, LÓPEZ,**
**KOHANSKI, ADELSTEIN & DICKINSON,**

17
**a Law Corporation**

18

19
By: */s/ Joseph A. Kohanski*
     Joseph A. Kohanski

20
     David E. Ahdoot
Counsel for the Guilds

21

22
**PACHULSKI STANG ZIEHL &**
**JONES LLP**

23

24
By: */s/ Jeremy Richards*
     Jeremy Richards

25
     Malhar S. Pagay

26
Counsel for the Official Committee of
Unsecured Creditors

27

28
*[SIGNATURES CONTINUED ON NEXT PAGE]*

-14-

1

**RUTAN & TUCKER, LLP**

2

3    By: _/s/ Penelope Parmes_____

          Penelope Parmes
4    Counsel for Davand Holdings, LLC

5    **NO OPPOSITION TO THE FORM OF**

6    **THE ORDER.**

7    **KAYE SCHOLER, LLP**

8

9    By: _/s/ Ashleigh A. Danker_____

          Ashleigh A. Danker
10   Insolvency Counsel for R. Alexander
     Pilmer, Chapter 7 Trustee in the Yari
11   Film Group Releasing, LLC Case

12

13                          ####

14

15

16

17

18

19

20

21

22

23

24

25

DATED: May 26, 2011        _____
26                          United States Bankruptcy Judge

27

28

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4ᵗʰ Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____, 201, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 10, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 10, 2011 | Susan Connor | /s/ Susan Connor |
| Date | Type Name | Signature |

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

**SERVICE VIA E-MAIL**

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Ashleigh Danker on behalf of Creditor Official Committee of Unsecured Creditors in Yari Film Group Releasing, LLC
adanker@kayescholer.com

Joseph A Kohanski on behalf of Interested Party Courtesy NEF
jkohanski@bushquinonez.com, tjimines@bushgottlieb.com

Malhar S Pagay on behalf of Attorney Official Committee of Unsecured Creditors in Persik Productions, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

Jonathon Shenson on behalf of Attorney JONATHAN SHENSON
jshenson@ktbslaw.com

Davand Holdings:  Penelope Parmes:  pparmes@rutan.com

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*):  **ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**  was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 10, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☐        Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐        Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐        Service information continued on attached page

-18-

1

2

**ADDITIONAL SERVICE INFORMATION** (if needed):

3

NEF SERVICE LIST

4
- David E Ahdoot    dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com
- Michael F Chekian    mike@cheklaw.com, msalanick@cheklaw.com

5
- Russell Clementson    russell.clementson@usdoj.gov
- Alicia Clough    alicia.clough@kayescholer.com

6
- Marc S Cohen    mcohen@kayescholer.com
- Jeremy Faith    jfaith@goodmanfaith.com

7
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- David Guess    dguess@ktbslaw.com

8
- Alan S Gutman    alangutman@gutmanlaw.com

9
- Garrick A Hollander    ghollander@winthropcouchot.com,
  sconnor@winthropcouchot.com;pj@winthropcouchot.com

10
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Joseph A Kohanski    jkohanski@bushquinonez.com, tjimines@bushgottlieb.com

11
- Robert E Opera    ropera@winthropcouchot.com, sconnor@winthropcouchot.com;pj@winthropcouchot.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com

12
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com
- Yonaton M Rosenzweig    yoni.rosenzweig@kattenlaw.com

13
- James R Selth    jim@wsrlaw.net, charles@wsrlaw.net
- Jonathon Shenson    jshenson@ktbslaw.com

14
- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

15
- Pamela Kohlman Webster    pwebster@buchalter.com
- Eric D Winston    ericwinston@quinnemanuel.com

16
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- Melvin Yee    myee@bushgottlieb.com, tjimines@bushgottlieb.com

17

18

19

20

21

22

23

24

25

26

27

28

Order#115553#c59e9e81-7206-41cc-94ee-674f472f8eaf.doc