ROBERT E. OPERA – State Bar No. 101182
ropera@winthropcouchot.com
PAYAM KHODADADI – State Bar No. 239906
pkhodadadi@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel
for Debtor and Debtor-in-Possession

FILED & ENTERED

MAY 26 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mendoza DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PERSIK PRODUCTIONS, INC.,<br>fka BOB YARI PRODUCTIONS,<br><br><br>Debtor and<br>Debtor-in-Possession | Case No.: 2:10-bk-12122 BR<br><br>Chapter 11 Proceeding<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>DATE: April 25, 2011<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 1668<br>255 East Temple Street<br>Los Angeles, CA 90012 |

Order#115555#a4819689-a9ff-4160-a8eb-c5ed36758742.doc

1  The matter of the confirmation of the Second Amended Chapter 11 Plan of Reorganization ("Plan"), filed by Debtor and Debtor-in-Possession Persik Productions, Inc. ("Debtor"), came on for hearing on April 25, 2011, at 2:00 p.m., before the Honorable Barry Russell, United States Bankruptcy Judge, in the above-entitled Court. The Debtor was represented by Robert E. Opera of Winthrop Couchot Professional Corporation. The Committee was represented by Malhar S. Pagay of the law firm of Pachulski Stang Ziehl & Jones LLP.[1] The Guilds were represented by Joseph A. Kohanski of the law firm of Bush, Gottlieb, Singer, López, Kohanski, Adelstein & Dickinson, a Law Corporation. Davand Holdings, LLC was represented by Penelope Parmes of the law firm of Rutan & Tucker, LLP. MHF Zweite Academy Film GmbH & Co. KG was represented by Jonathan Shenson of the law firm of Klee, Tuchin, Bogdanoff & Stern, LLP. R. Alexander Pilmer, the duly-appointed and acting Chapter 7 trustee in the case of Yari Film Group Releasing, LLC (Case No. 2:08-bk-32208 BR) ("YFGR Trustee"), was represented by Ashleigh Danker of the law firm of Kaye Scholer, LLP. Other appearances, if any, were as reflected in the Court record of the proceedings.

These Findings of Fact and Conclusions of Law are based, in part, upon the following pleadings before this Court:

    a.    Plan [Docket No. 221];

    b.    Second Amended Disclosure Statement Accompanying Debtor's Second Amended Chapter 11 Plan of Reorganization[Docket No. 222] ("Disclosure Statement");

    c.    Debtor's Motion for Confirmation of Second Amended Chapter 11 Plan of Reorganization [Docket No. 224];

    d.    Declaration of Bob Yari in Support of Motion for Confirmation of Second Amended Chapter 11 Plan of Reorganization [Docket No. 225];

    e.    Declaration of Dennis Brown in Support of Motion for Confirmation of Second Amended Chapter 11 Plan of Reorganization [Docket No. 226];

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Plan.

   f. Notice of Hearing on Motion for Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 227];

   g. Notice of Filing Certain Exhibits to Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 228];

   h. Declaration of Doug Gromley Re Service of "Plan Packages" [Docket No. 230];

   i. Order Approving Debtor's Second Amended Disclosure Statement Accompanying Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 231];

   j. Official Committee of Unsecured Creditors' Limited Opposition to and Reservation of Rights Re: Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 233] ("Committee Limited Opposition");

   k. Yari Film Group Releasing Chapter 7 Trustee's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 237] ("YFGR Trustee's Opposition");

   l. Debtor's Supplemental Memorandum of Points and Authorities in Support of Compromise of Reimbursement/Contribution Claims Pursuant to Second Amended Chapter 11 Plan of Reorganization [Docket No. 242] ("Reimbursement/Contribution Claims Settlement Memorandum");

   m. Qualified Joinder of the Union Entities to Debtor's Motion to Confirm Second Amended Chapter 11 Plan [Docket No. 246] ("Guilds Joinder");

   n. Stipulation Amending Stipulation for: (1) Further Extension of Time to File Plan of Reorganization and Disclosure Statement; (2) Further Extension of Debtor's Exclusive Periods to File Plan of Reorganization and to Solicit Acceptances to Plan of Reorganization; and (3) Posting of Plan Deposit [Docket No. 248];

   o. Debtor's Reply to (1) Official Committee of Unsecured Creditors' Limited Opposition to and Reservation of Rights Re: Debtor's Second Amended Chapter 11 Plan of Reorganization; and (2) Yari Film Group Releasing Chapter 7 Trustee's Objection to

1     Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization[Docket No. 249] ("Reply");

       p.    Debtor's Supplemental Memorandum of Points and Authorities Regarding Plan Compliance with Sections 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code [Docket No. 250];

       q.    Supplemental Declaration of Bob Yari in Support of Debtor's Reply to Objections to Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 251];

       r.    Declaration of P.J. Marksbury Re Tally of Ballots Cast Regarding Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 252];

       s.    Ballots Cast in Acceptance and Rejection of Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 253];

       t.    Debtor's Emergency Motion for Authority to Count Late-Cast Ballots [Docket No. 254] ("Late-Cast Ballots Motion");

       u.    Debtor's Notice of Motion and Motion Objecting to Claim No. 31 filed by R. Alexander Pilmer, Chapter 7 Trustee for Yari Film Group Releasing, LLC [Docket No. 255];

       v.    Debtor's Emergency Motion for Order Approving Settlement Agreement [Docket No. 258] ("MHF Settlement Agreement Motion");

       w.    Order Granting Debtor's Emergency Motion for Order Approving Settlement Agreement [Docket No. 262]; and

       x.    Order Granting Debtor's Emergency Motion for Authority to Count Late-Cast Ballots [Docket No. 263].

Based upon the foregoing pleadings, the other pleadings and documents on file in the Case, the Court's granting of the Late-Cast Ballots Motion and the MHF Settlement Agreement Motion, the Guilds Joinder, the withdrawal by the Committee of the Committee Limited Opposition and the Court's overruling of the YFGR Trustee's Opposition, the arguments presented at the Confirmation Hearing, the rulings contained in the Court's Order Confirming

Debtor's Second Amended Chapter 11 Plan of Reorganization ("Confirmation Order") being issued by the Court concurrently herewith, and for other good and sufficient cause, the Court hereby makes the Findings of Fact and Conclusions of Law set forth herein.

## I.

## FINDINGS OF FACT

1.1    This Court has granted the MHF Settlement Agreement Motion.  By reason of the granting of the MHF Settlement Agreement Motion, MHF Zweite Academy Film GmbH & Co. KG has confirmed on the record of the proceedings at the Confirmation Hearing that it supports the confirmation of the Plan.

1.2    This Court has granted the Late-Cast Ballots Motion.  By reason of the granting of the Late-Cast Ballots Motion, this Court has authorized the counting of late-cast ballots by certain Creditors, as set forth in the Late-Cast Ballots Motion.

1.3    The Committee has withdrawn the Committee Limited Opposition, and has confirmed on the record of the proceedings at the Confirmation Hearing that it supports the confirmation of the Plan.

1.4    The Debtor is the proponent of the Plan.

1.5    The Plan was filed in good faith and for the purpose of reorganizing the financial affairs of the Debtor, in accordance with the provisions of the Bankruptcy Code and not by any means forbidden by law.

1.6    The Plan, the Disclosure Statement, and, as applicable, ballots for voting on the Plan, were duly served upon all Creditors, the Interest Holder and parties-in-interest, in accordance with the requirements of section 1125 of the Bankruptcy Code.

1.7    The notice given of the Confirmation Hearing was sufficient under the circumstances of this case.

1.8    The solicitation of acceptances of the Plan was undertaken in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

1.9    Classes 3, 4 and 7 under the Plan are unimpaired, as that term is used in section 1124 of the Bankruptcy Code.

1.10    No Class 6 Creditor now exists in the Case in that this Court has not subordinated the Claim of any Creditor.

1.11    The Plan has been accepted in writing by Classes 1, 2 and 5 established under the Plan.

1.12    All payments made or promised by the Debtor for services or for costs and expenses incurred in or in connection with the Case, or in connection with the Plan and incident to the Case, have been adequately disclosed to this Court and are reasonable, or, if to be fixed after confirmation of the Plan, will be subject to the approval of this Court.

1.13    Each holder of a Claim has accepted the Plan, or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount which such holder would receive or retain if the Debtor's assets were liquidated on such date under Chapter 7 of the Bankruptcy Code.

1.14    All settlements and compromises of Claims set forth in and contemplated under the Plan, including, without limitation, the settlement of the amount of the Guilds' Allowed Secured Claims and Allowed General Unsecured Claims, as described, respectively, in Sections 5.2 and 5.2.13 of the Plan, and the settlement of the Reimbursement/Contribution Claims, as described in Section 6.31 of the Plan and the support for which settlement is provided, in part, by the Reimbursement/ Contribution Claims Settlement Memorandum, are fair and reasonable settlements and settlements negotiated in good faith and are in the best interests of Creditors.

1.15    The Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor.

1.16    Pursuant to the Plan and the Disclosure Statement, the Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, and the continuance in such office of such individuals is consistent with the interests of the Creditors and the Interest Holder and with public policy.  The Debtor has disclosed the identity of any insider that will be employed by the Reorganized Debtor.

1.17    The Plan provides for the payment of all fees payable under 28 U.S.C. Section 1930 on the Effective Date of the Plan.

1.18    The Plan does not discriminate unfairly against any Class of Claims or Interests under the Plan.

1.19    Good cause exists for confirming the Plan pursuant to section 1129(a) of the Bankruptcy Code.

1.20    No other plan has been confirmed in the Case; accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in this case.

1.21    No governmental unit has objected to the confirmation of the Plan; accordingly, section 1129(d) of the Bankruptcy Code is inapplicable in this case.

1.22    The Committee has stated in writing its support for the confirmation of the Plan.

1.23    By the Reply and other pleadings referenced hereinabove, the Debtor has addressed adequately the objections to the confirmation of the Plan asserted by the YFGR Trustee by the YFGR Trustee Opposition, and, based upon the evidence before the Court, good cause exists for overruling the YFGR Trustee Opposition.

1.24    The transactions contemplated by the Plan, including, without limitation, the transactions contemplated by the Plan Documents, are in compliance with and satisfy all applicable provisions of the Bankruptcy Code, and the terms and conditions of the Plan are fair and reasonable.

## II.

## CONCLUSIONS OF LAW

2.1    This Court has jurisdiction over this matter.

2.2    In accordance with the provisions of section 1129(a)(1) of the Bankruptcy Code, the Plan complies with the applicable provisions of Title 11 including, without limitation, the provisions of sections 1122 and 1123 of the Bankruptcy Code.

2.3    In accordance with the provisions of section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with the applicable provisions of Title 11, including, without limitation, the provisions of section 1125 of the Bankruptcy Code.

-7-

Case 2:10-bk-12122-BR Doc 275 Filed 05/26/11 Entered 05/26/11 14:06:39 Desc
Main Document Page 8 of 16

2.4 In accordance with the provisions of section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by any means forbidden by law.

2.5 In accordance with the provisions of section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Case, or in connection with the Plan or incident to the Case, has been approved by, or is subject to the approval of, the Court as reasonable.

2.6 The Debtor has complied with the provisions of section 1129(a)(5) of the Bankruptcy Code in that (a) the Debtor has duly provided in the Plan and in the Disclosure Statement all required disclosures regarding each individual proposed to serve, after the confirmation of the Plan, as a director and officer of the Reorganized Debtor; (b) the continuance in such office of such individual is consistent with the interests of Creditors and the Interest Holder and with public policy; and (c) the Debtor has disclosed the identity of insiders that will be retained by the Reorganized Debtor.

2.7 The provisions of section 1129(a)(6) of the Bankruptcy Code are not applicable in this case.

2.8 The Plan complies with the provisions of section 1129(a)(7) of the Bankruptcy Code in that each Creditor has accepted the Plan, or will receive or retain under the Plan on account of its Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Creditor would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

2.9 The Plan complies with the provisions of section 1129(a)(8) of the Bankruptcy Code. Classes 1, 2 and 5 established by the Plan have accepted the Plan. Classes 3, 4 and 7 established by the Plan are not impaired by the Plan, and, accordingly, these Classes are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. No Class 6 Creditor now exists in the Case in that this Court has not subordinated any Claim, and, therefore, good cause exists for disregarding such Class for the purpose of section 1129(a)(8).

2.10 The Plan complies with the requirements of section 1129(a)(9) of the Bankruptcy Code in that the treatment under the Plan of Allowed Administrative Claims, Allowed Priority

-8-
Order#115555#a4819689-a9ff-4160-a8eb-c5ed36758742.doc

Non-Tax Claims and Allowed Priority Tax Claims is in accordance with the requirements of section 1129(a)(9) of the Bankruptcy Code.

2.11    The Plan complies with the requirements of section 1129(a)(10) of the Bankruptcy Code in that Classes 1, 2 and 5 established by the Plan have voted in favor of the Plan.

2.12    The Plan is feasible and, accordingly, the Plan complies with the requirements of section 1129(a)(11) of the Bankruptcy Code.

2.13    The Plan complies with the requirements of section 1129(a)(12) of the Bankruptcy Code.

2.14    The provisions of sections 1129(a)(13), 1129(a)(14), 1129(a)(15) and 1129(a)(16) of the Bankruptcy Code are not applicable to this case.

2.15    All requirements contained in section 1129(a) of the Bankruptcy Code for confirmation of the Plan have been met in this case.

2.16    The settlement of the amount of the Guilds' Allowed Secured Claims and Allowed General Unsecured Claims, as described, respectively, in Sections 5.2 and 5.2.13 of the Plan, and the settlement of the Reimbursement/Contribution Claims, as described in Section 6.31 of the Plan, are fair and reasonable compromises, and good cause exists to approve such compromises, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

2.17    Good cause exists for this Court's retaining jurisdiction over the Case in order to ensure that the purposes and intent of the Plan are carried out, including, without limitation, for the purposes set forth in Section 13.10 of the Plan.

2.18    Pursuant to section 1146(c) of the Bankruptcy Code, any transfers from the Debtor to the Reorganized Debtor or to any Creditor or party-in-interest pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar Tax or governmental assessment.

2.19    The claims bar dates set forth in Sections 3.1.2, 8.4 and 10.5 of the Plan are reasonable and binding upon Creditors.

2.20    The provisions regarding limitation of liability set forth in Sections 6.11, 7.25, 12.1, 12.2 and 12.3 of the Plan are reasonable and good cause exists to approve them.

2.21    Good cause exists to authorize the Reorganized Debtor to perform its obligations under the Plan. In accordance with the provisions of Section 13.17 of the Plan, pursuant to sections 105 and 1142 of the Bankruptcy Code, the Plan Agent and the Reorganized Debtor are authorized and empowered to execute such documents and to take such acts as may be appropriate to effectuate the terms and conditions of the Plan.

2.22    The disposition of the Interest pursuant to the Plan is in good faith and in compliance with the provisions of the Bankruptcy Code, and, accordingly, neither the Debtor, the Reorganized Debtor, nor any other person or entity is liable, on account thereof, for violation of any applicable law, rule, or regulation governing the offer, issuance, sale or purchase of securities.

2.23    Good cause exists to authorize the Debtor to execute and deliver the Plan Documents in accordance with the provisions of the Confirmation Order and to authorize the Reorganized Debtor to perform any obligations that it may have under any of the Plan Documents.

2.24    Good cause exists for John Hyde to be appointed as Plan Agent on the Effective Date in accordance with the provisions of Section 6.6 of the Plan.

2.25    To the extent that any Finding of Fact herein is a Conclusion of Law, or a Conclusion of Law is a Finding of Fact, it shall be so considered.

*[SIGNATURES ON NEXT PAGES]*

**PRESENTED BY:**

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**


By:  */s/ Robert E. Opera*
         Robert E. Opera
         Payam Khodadadi
General Insolvency Counsel for
Debtor and Debtor-in-Possession
Persik Productions, Inc.

**NO OPPOSITION TO THE FOREGOING.**

**KLEE, TUCHIN, BOGDANOFF &**
**STERN, LLP.**


By:  */s/ Jonathan S. Shenson*
         Jonathan S. Shenson
         Korin A. Elliott
Counsel for MHF Zweite Academy
Film GmbH & Co. KG

**BUSH, GOTTLIEB, SINGER, LÓPEZ,**
**KOHANSKI, ADELSTEIN & DICKINSON,**
**a Law Corporation**


By:  */s/ Joseph A. Kohanski*
         Joseph A. Kohanski
         David E. Ahdoot
Counsel for the Guilds

**PACHULSKI STANG ZIEHL &**
**JONES LLP**


By:  */s/ Jeremy Richards*
         Jeremy Richards
         Malhar S. Pagay
Counsel for the Official Committee of
Unsecured Creditors


*[SIGNATURES CONTINUED ON NEXT PAGE]*

**RUTAN & TUCKER, LLP**

By: */s/ Penelope Parmes*
    Penelope Parmes
Counsel for Davand Holdings, LLC

**NO OPPOSITION TO THE FORM OF THE FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

**KAYE SCHOLER, LLP**

By: */s/* Ashleigh A. Danker
    Marc S. Cohen
    Ashleigh A. Danker
Insolvency Counsel for R. Alexander Pilmer, Chapter 7 Trustee in the Yari Film Group Releasing, LLC Case

###

DATED: May 26, 2011

United States Bankruptcy Judge

-12-

Order#115555#a4819689-a9ff-4160-a8eb-c5ed36758742.doc

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 201_, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 10, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 10, 2011 | Susan Connor | /s/ *Susan Connor* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-13-

Order#115555#a4819689-a9ff-4160-a8eb-c5ed36758742.doc

**SERVICE VIA E-MAIL**

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Ashleigh Danker on behalf of Creditor Official Committee of Unsecured Creditors in Yari Film Group Releasing, LLC
adanker@kayescholer.com

Joseph A Kohanski on behalf of Interested Party Courtesy NEF
jkohanski@bushquinonez.com, tjimines@bushgottlieb.com

Malhar S Pagay on behalf of Attorney Official Committee of Unsecured Creditors in Persik Productions, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

Jonathon Shenson on behalf of Attorney JONATHAN SHENSON
jshenson@ktbslaw.com

Davand Holdings:  Penelope Parmes:  pparmes@rutan.com

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (*specify*): **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 10, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☐    Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐    Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐    Service information continued on attached page

-15-

Order#115555#a4819689-a9ff-4160-a8eb-c5ed36758742.doc

**ADDITIONAL SERVICE INFORMATION** (if needed):

NEF SERVICE LIST

- David E Ahdoot    dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com
- Michael F Chekian    mike@cheklaw.com, msalanick@cheklaw.com
- Russell Clementson    russell.clementson@usdoj.gov
- Alicia Clough    alicia.clough@kayescholer.com
- Marc S Cohen    mcohen@kayescholer.com
- Jeremy Faith    jfaith@goodmanfaith.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- David Guess    dguess@ktbslaw.com
- Alan S Gutman    alangutman@gutmanlaw.com
- Garrick A Hollander    ghollander@winthropcouchot.com, sconnor@winthropcouchot.com;pj@winthropcouchot.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Joseph A Kohanski    jkohanski@bushquinonez.com, tjimines@bushgottlieb.com
- Robert E Opera    ropera@winthropcouchot.com, sconnor@winthropcouchot.com;pj@winthropcouchot.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com
- Yonaton M Rosenzweig    yoni.rosenzweig@kattenlaw.com
- James R Selth    jim@wsrlaw.net, charles@wsrlaw.net
- Jonathon Shenson    jshenson@ktbslaw.com
- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Pamela Kohlman Webster    pwebster@buchalter.com
- Eric D Winston    ericwinston@quinnemanuel.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- Melvin Yee    myee@bushgottlieb.com, tjimines@bushgottlieb.com