Jeremy V. Richards (CA Bar No. 102300)
Malhar S. Pagay (CA Bar No. 189289)
Steven J. Kahn (CA Bar No. 079633)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jrichards@pszjlaw.com; skahn@pszjlaw.com

Counsel for John Hyde, Plan Agent

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PERSIK PRODUCTIONS, INC., fka BOB YARI PRODUCTIONS,<br><br>Debtor | Case No.: 2:10-bk-12122-BR<br><br>Chapter 11 |
| JOHN HYDE, in his capacity as Plan Agent,<br><br>Plaintiff<br><br>vs.<br><br>DE MINIMIS POST PRODUCTIONS, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Adv. Proc. No. _____<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS** |

John Hyde, in his capacity as the Plan Agent ("Plan Agent" or "Plaintiff") under the terms of the *Debtor's Second Amended Chapter 11 Plan of Reorganization* confirmed on May 16, 2011 (the "Plan") in the bankruptcy case (the "Case") of Persik Productions, Inc. fka Bob Yari Productions ("Persik" or "Debtor"), for his complaint (the "Complaint") against De Minimis Post Productions, LLC alleges as follows:

1

DOCS_LA:249709.1 69979-001

### The Parties

1. Plaintiff is the duly appointed Plan Agent appointed pursuant to section 6.6 of the Plan.

2. The Debtor is a corporation organized under the laws of the State of California that maintained its principal place of business in Los Angeles, California.

3. Upon information and belief, defendant De Minimis Post Productions, LLC ("De Minimis" or "Defendant") was a Delaware limited liability company, located and doing business in Los Angeles, California.

4. During all times relevant hereto, Defendant was an affiliate of the Debtor as defined in 11 U.S.C. § 101(2), and as such was an insider of the Debtor as defined in 11 U.S.C. § 101(31)(E), and as acknowledged by the Debtor in its Supplement to Statement of Financial Affairs filed March 3, 2010.

### Jurisdiction and Venue

5. The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. §157(a) and §1334(a) and this is a core proceeding pursuant to 28 U.S.C. § 157.

6. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

7. The statutory predicates for the relief requested herein are sections 544, 547, 548 and 550 of the Bankruptcy Code and Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure and sections 3439, et seq. of the California Civil Code.

### General Allegations

8. On January 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. On March 11, 2011, the Debtor filed its Plan, which was confirmed by the Bankruptcy Court on May 26, 2011 and became effective on October 12, 2011.

10. Plaintiff is informed and believes that at least one creditor holding an unsecured claim that is allowable under Section 502 of the Bankruptcy Code or that is not allowable under Section 502(e) of the Bankruptcy Code exists who can avoid the transfers and/or obligations

referred to in this Complaint. Plaintiff may therefore assert the rights of such creditors pursuant to Section 544(b) of the Bankruptcy Code.

### The Transfers Sought to Be Avoided

11.  On the dates and in the amounts set forth on **Exhibit "A"** hereto, the Debtor made the transfers of its interest in property (the "Transfers") to or for the benefit of Defendant, as acknowledged by the Debtor in its Supplement to Statement of Financial Affairs # 3c, filed with the Court on March 3, 2010.

12.  To date, despite demand therefor, neither the Debtor nor the Defendant has yet to provide any information to Plaintiff to demonstrate why such Transfers, or any of them, are not subject to avoidance as asserted herein.

### FIRST CLAIM FOR RELIEF
### (To Avoid Preferential Transfers – U.S.C. § 547)

13.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12 as though set forth fully herein.

14.  On information and belief, Plaintiff alleges that the Transfers totaling no less than $321,880.50 were made to or for the benefit of the Defendant within one year prior to the Petition Date, and were made to the Defendant as a creditor of the Debtor, and on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

15.  The Transfers were made while the Debtor was insolvent.

16.  The Transfers to or for the benefit of the Defendant enabled the Defendant to receive more than it would have received if: (a) the Debtor's case was a case under chapter 7 of the Bankruptcy Code; (b) if the Transfers had not been made; and (c) the Defendant received payment on the debt to the extent provided by the Bankruptcy Code.

17.  Plaintiff acknowledges that Defendant may assert defenses as to some portion or all of said Transfers and Plaintiff will work with Defendant in good faith so as to resolve any issues relating to any such defenses.

DOCS_LA:249709.1 69979-001

18. Plaintiffs is entitled to an order and judgment against the Defendant under section 547 of the Bankruptcy Code that each of the Transfers is avoided.

## SECOND CLAIM FOR RELIEF

**(To Avoid Intentionally Fraudulent Pre-Petition Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07)**

19. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 12 above, inclusive, as though fully set forth herein.

20. Alternatively, Plaintiff is informed and believes and thereon alleges that some or all of the Transfers were caused to be made by the Debtor to or for the benefit of Defendant with an actual intent to hinder, delay or defraud the Debtor's creditors.

21. Plaintiff is informed and believes that at all relevant times, said Transfers were avoidable pursuant to 11 U.S.C. §§ 544 (b) and 548(a)(1)(A) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07.

## THIRD CLAIM FOR RELIEF

**(To Avoid Constructively Fraudulent Pre-Petition Transfers Under 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05)**

22. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 12 above, inclusive, as though fully set forth herein.

23. Alternatively, Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Debtor: (a) was insolvent, or became insolvent as a result of each Transfer; (b) was engaged in or were about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond its ability to pay as they became due.

24. Plaintiff is informed and believes, and thereon asserts, that Defendant did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value in exchange for any of the Transfers.

DOCS_LA:249709.1 69979-001

25. At all relevant times, said Transfers and Debts were avoidable pursuant to 11 U.S.C §§ 544(b) and 548(a)(1)(B) and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07.

**FOURTH CLAIM FOR RELIEF**

**(Recovery of Property – 11 U.S.C. §§ 544(b), 548 and 550 and**

**Cal. Civ. Code §§ 3439.07 and 3439.08)**

26. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

27. Upon information and belief, Plaintiff alleges that Defendant is the initial transferee of the Transfers referenced above, the immediate or mediate transferee of such initial transferee, or the person for whose benefit said Transfers were made.

28. Plaintiff is entitled to avoid the Transfers under section 547 of the Bankruptcy Code or under either or both sections 544(b) and 548 of the Bankruptcy Code, and section 544(b) of the Bankruptcy Code and Cal. Civ. Code §§ 3439.05, 3439.05 and 3439.07. Plaintiff is entitled to recover for the post-petition estate the proceeds or value of the respective Transfers under 11 U.S.C. § 544(b) or 11 U.S.C. § 547 and 550, and Cal. Civ. Code §§ 3439.07 and 3439.08.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For a determination that each of the Transfers is avoidable as a preferential transfer pursuant to section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover each such Transfer or the value thereof under section 550 of the Bankruptcy Code;

2. For a determination that each of the Transfers is avoidable as a fraudulent transfer pursuant to 11 U.S.C. §§ 544(b) and 548, and Cal. Civ. Code §§ 3439.04, 3439.05 and 3439.07, and that Plaintiff is entitled to recover each of such Transfers or the value thereof under 11 U.S.C. § 550 and Cal. Civ. Code §§ 3439.07 and 3439.08;

/ / /

/ / /

/ / /

5

3. Prejudgment interest;

4. Costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: January __, 2012          PACHULSKI STANG ZIEHL & JONES LLP

By: _____
Jeremy V. Richards
Malhar S. Pagay
Steven J. Kahn

Counsel to John Hyde, Plan Agent

DOCS_LA:249709.1 69979-001

# EXHIBIT A

# EXHIBIT A

| Payment Date | Description/Payee Per Debtor | Amount |
|---|---|---|
| 1/27/2009 | De Minimis Post Productions, LLC | $2,000.00 |
| 3/17/2009 | De Minimis Post Productions, LLC | $500.00 |
| 3/24/2009 | De Minimis Post Productions, LLC | $500.00 |
| 3/26/2009 | De Minimis Post Productions, LLC | $1,000.00 |
| 4/13/2009 | Franchise Tax Board | $800.00 |
| 4/21/2009 | De Minimis Post Productions, LLC | $9,300.00 |
| 4/27/2009 | De Minimis Post Productions, LLC | $3,500.00 |
| 5/26/2009 | De Minimis Post Productions, LLC | $2,500.00 |
| 5/27/2009 | De Minimis Post Productions, LLC | $7,000.00 |
| 6/15/2009 | De Minimis Post Productions, LLC | $20,000.00 |
| 6/18/2009 | Parasec | $125.00 |
| 7/22/2009 | De Minimis Post Productions, LLC | $10,000.00 |
| 7/28/2009 | De Minimis Post Productions, LLC | $1,000.00 |
| 7/29/2009 | De Minimis Post Productions, LLC | $167,000.00 |
| 8/7/2009 | De Minimis Post Productions, LLC | $75,000.00 |
| 8/14/2009 | De Minimis Post Productions, LLC | $16,000.00 |
| 9/11/2009 | De Minimis Post Productions, LLC | $655.50 |
| 11/23/2009 | De Minimis Post Productions, LLC | $5,000.00 |
| | **TOTAL** | $321,880.50 |

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>John Hyde, in his capacity as Plan Agent, | DEFENDANTS<br>DE MINIMIS POST PRODUCTIONS, LLC, a Delaware limited liability company |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Jeremy V. Richards (CA Bar No. 102300)<br>Malhar S. Pagay (CA Bar No. 189289)<br>Steven J. Kahn (CA Bar No. 079633)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067<br>Phone: 310/277-6910; Fax: 310/201-0760 | ATTORNEYS (If Known)<br>Elizabeth A. Bell, Esq.<br>Senior Vice President & General Counsel<br>Yari Film Group, LLC<br>10850 Wilshire Boulevard, Sixth Floor<br>Los Angeles, California 90024 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Recovery of money/property - §547 preference; Recovery of money/property - §548 fraudulent transfer

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e) **[1]**

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny **[2]**

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury **[3]**
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $321,880.50 |

| Other Relief Sought | |
|---|---|

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>PERSIK PRODUCTIONS, INC., f/k/a BOB YARI PRODUCTIONS | | **BANKRUPTCY CASE NO.**<br>2:10-bk-12122 BR |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>Los Angeles | **NAME OF JUDGE**<br>Hon. Barry Russell |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| *[signature]* | |
| **DATE**<br>January 18, 2012 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Steven J. Kahn<br>PACHULSKI STANG ZIEHL & JONES LLP |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys**. Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand**. Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Jeremy V. Richards (CA Bar No. 102300)<br>Malhar S. Pagay (CA Bar No. 189289)<br>Steven J. Kahn (CA Bar No. 079633)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067-4003<br>Telephone: 310/277-6910; Facsimile: 310/201-0760<br>E-mail: jrichards@pszjlaw.com<br>mpagay@pszjlaw.com<br>skahn@pszjlaw.com<br><br>*Attorney for Plaintiff* John Hyde, in his capacity as Plan Agent | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>PERSIK PRODUCTIONS, INC. f/k/a BOB YARI PRODUCTIONS,<br>Debtor. | CHAPTER __11__<br>CASE NUMBER 2:10-bk-12122-BR<br><br>ADVERSARY NUMBER |
|---|---|
| John Hyde, in his capacity as Plan Agent,<br>Plaintiff(s),<br>vs.<br>DE MINIMIS POST PRODUCTIONS, LLC, a Delaware limited liability company,<br><br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**

|  | CASE NO: |
|---|---|
| Debtors |  |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067

True and correct copies of the foregoing document(s) described as _____
_____ will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____ _____ _____
Date                    Type Name                  *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)    F 7004-1